LEMMON, Justice,
concurring.
Since the issue of the disqualification of relator’s bid was fully aired at the trial court’s hearing on the injunction, relator has failed to show how he was injured by the agency’s failure to provide notice and hearing on the issue.
DENNIS, Justice, would grant plaintiff’s petition for a stay order and a full appeal.
This Court in Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979) held that the due process clause of the Fourteenth Amendment requires at least the following procedural safeguards before a low bidder is disqualified:
“(1) An awarding authority which intends to disqualify a bidder must, prior to the award of the contract, give the bidder formal notice in writing that the authority is considering disqualifying the bidder from competing for the contract. This notice should specify the reasons for the proposed disqualification. The notification should contain specific language which puts the bidder on notice that the authority is considering disqualification, not mere questions about the bidder’s past performance on state contracts or its ability to perform in the future.
“(2) The bidder must be given the opportunity to respond to the charges in writing and, in all cases in which feasible, the bidder should have the opportunity to meet with officials of the awarding authority to discuss the charges against the bidder and his response thereto. This informal ‘hearing’ does not necessarily include the right to call witnesses or cross-examine the persons who initiated the charges of irresponsibility.
“(3) After this informal hearing, but before the award of the contract, the awarding authority must give the bidder formal written notice he has been disqualified from competing for the contract. This notice should list the specific reasons upon which the disqualification is based, although it may do so by reference to or incorporation of charges contained in the original notice.
“(4) The ‘records’ of this disqualification proceeding must be preserved so as to form the basis for any subsequent judicial review which might be sought by the bidder. (This post-rejection judicial review, with the retroactive relief affordable, sufficiently protects the low bidders’s private interest against arbitrary rejection of its bid in the letting of the contract to a higher bidder.)”
The trial court found that the department failed to comply with these procedural safeguards. The trial court found that the department improperly awarded the contract to the second lowest bidder. Yet instead of setting aside the agency action and remanding the case for a due process hearing, including written administrative findings of fact, as required by Haughton, 367 So.2d at 1166, the trial court took evidence on the merits of the low bidder’s disqualification and improperly substituted its judgment for that of the administrative agency. See Haughton Elevator Div. v. State, supra; Authority of Opelousas La. v. Pittman Construction Co., 264 F.2d 695 (5th Cir. 1959). Thus, the plaintiff was deprived of his rights to notice, a hearing and a judicial review based on contemporaneous assignment of specific reasons upon which his disqualification was based.